IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF Two blk Apple Cell Phones (Target Telephone 1, phone number unknown, service unavailable, Target Telephone 2, phone number (304)-206-0100), and One I-PAD, Serial number DMPWV39SHPDV, Located at 8040 County Route 119/90 Chapmanville, West Virginia 25508 | Case No. 2:21-mj-00153 |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Ronald McClendon, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.       I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property — certain cellular telephones and an I-PAD — which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.       Affiant is an employee of the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), within the meaning of Section 878(a) of Title 21, United States Code, that is an officer who is empowered by law to conduct investigations, make arrests, execute search warrants, and seize property in connection with violations of Title 18, United States Code and Title 21, United States Code.  Affiant is a Special Agent (SA) for the DEA, and has been so employed since May 2020.  As such, I am a "federal law enforcement officer" within

the meaning of Fed. R. Crim. P. 41(a)(2)(C) and am authorized to apply for federal search warrants.

3.      Affiant has received specialized training at the DEA Training Academy in Quantico, Virginia, regarding the identification of narcotic controlled substances and the operation of drug trafficking organizations.  Affiant has been involved in the investigation of numerous individuals and organizations involved in the manufacturing, distribution, and use of controlled substances.  Affiant has participated in investigations that have resulted in the arrest of drug traffickers and the seizure of significant quantities of drugs.  Affiant has further conducted surveillance operations of drug traffickers and has interviewed persons personally involved in drug trafficking.  Through this training and experience, Affiant has become familiar with, and has gained a thorough understanding of the methods, manner and means used by individuals engaged in the unlawful manufacturing, trafficking, and use of controlled substances.

4.      Affiant knows, based upon training and experience, that persons engaged in drug trafficking require expedient forms of communication to contact suppliers, couriers, and customers; therefore, continuous access to telephone and internet communications, including cellular telephones (traditional, Smartphones, and pre-paid), and tablets (i.e I-PAD), is necessary for the success of drug traffickers.  Affiant also knows that drug traffickers frequently utilize more than one cellular telephone at a time in an effort to evade detection by law enforcement. Affiant knows that drug traffickers commonly change or drop phones on a frequent basis, particularly in response to enforcement actions directed at co-conspirators.  Further, Affiant knows that drug traffickers often keep records relating to their associates, including addresses, telephone numbers, records relating to drug transactions and money, and that the records are often stored on the drug traffickers' cellular phone(s), I-PAD(s), and/or other electronic devices.

2

5.     Affiant knows, through training and experience, that drug traffickers often utilize tablets, cameras, cellular telephones with video/photographic capabilities, and/or video cameras and camcorders to record various aspects of their lives, to include their drug trafficking activities.

6.     Affiant knows that drug traffickers often depend upon communications to maintain their extensive contacts throughout the country and abroad.  This communications system expedites the transportation of drugs from the main source of supply, through the drug distribution network, and eventually to the drug user.  To do this, continued access to telephone and internet communication is important, if not essential, to maintaining long distance and local contacts.

7.     Affiant also knows from both training and experience that telephone and internet communications are important if not essential to drug traffickers due to the distances involved in moving narcotics and coordinating the delivery of those narcotics to couriers and, ultimately, street-level drug dealers and users.   Information from these devices provides valuable information regarding suspected criminal associates, including the phone number of the particular device, incoming and outgoing call data, dates and times of phone calls, address book information (names associated with various phone numbers), and missed, received, and dialed calls. Additionally, Affiant knows that cellular telephones and tablets commonly come equipped with digital cameras that can be used to acquire, store, transfer and transmit images and documents that can be used to facilitate the possession, use, manufacture and distribution of controlled substances.

8.     The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officers, and

3

witnesses. This Affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this investigation.

## IDENTIFICATION OF THE CELLULAR TELEPHONES TO BE EXAMINED

9.      The cellular telephones and I-PAD to be examined are described more fully below and in Attachment A. The cellular telephones and I-PAD were seized during the arrest of Ted Topeka ("TOPEKA") on August 1, 2021 after a search warrant was executed at his residence located at 33 Carlton Lane, Superior Bottom, Omar, West Virginia. The cellular telephones and I-PAD are currently located at the West Virginia State Police Logan Detachment located at 8040 County Route 119/90, Chapmanville, West Virginia, 25508.

10.     TARGET TELEPHONE 1 is a black Apple I-Phone recovered in the right upstairs bedroom, phone number not known to affiant, which does not have available service, and is suspected to belong to TOPEKA'S grandson, Jacob Topeka. TARGET TELEPHONE 2 is a black Apple I-Phone with phone number (304)-206-0100, recovered in the left upstairs bedroom. TARGET I-PAD is a silver Apple I-PAD, Model A1709, Serial: DMPWV39SHPDV, recovered in the left upstairs bedroom.

11.     The applied-for warrant would authorize the forensic examination of the TARGET TELEPHONES and TARGET I-PAD for the purpose of identifying and recovering electronically stored data particularly described in Attachment B.

4

## PROBABLE CAUSE

In July 2021, the DEA Charleston District Office received information from West Virginia State Trooper Tyler Hannon regarding a retail level drug dealer operating in the Logan County, West Virginia region.

12.    On July 30, 2021, Trooper Tyler Hannon obtained screenshot messages from a cooperating individual.  These messages were between the CI and TOPEKA and also another individual who had been debriefed.  The debriefed individual had previously indicated that he had been receiving drugs including heroin/fentanyl and Opana pills from TOPEKA'S residence up West Virginia Route 44 for around 15 years.  The debriefed individual also advised that he had purchased drugs in large amounts up to $80,000.00 and that TOPEKA messages using car part terms and other language to disguise his drug conversations.  The screenshots received on July 30, 2021 indicated that TOPEKA had been selling heroin/fentanyl and pills to the debriefed individual for at least one year.

13.    Based upon the above, Trooper Tyler Hannon obtained a state search warrant for TOPEKA's residence located at 33 Carlton Lane, Superior Bottom, Omar, West Virginia on July 31, 2021.  I know based on my training and experience that Opana is a brand name for Oxymorphone. I also know based upon my training and experience that heroin and Oxymorphone are controlled substances.

5

14.     On August 1, 2021, law enforcement officers arrived at 33 Carlton Lane, Superior Bottom, Omar, West Virginia, the residence of TOPEKA, to serve the search warrant. Upon entry, a total of three (3) individuals were located. Ted TOPEKA, Sandra Topeka (wife of Ted TOPEKA), and Jacob Topeka (Grandson of Ted TOPEKA).

15.     Investigators located Ted TOPEKA in the upstairs bathroom attempting to flush suspected Opana pills and suspected heroin/fentanyl down the toilet. Investigators subsequently detained Ted TOPEKA and retrieved the narcotics from the toilet.

16.     Upon execution of the warrant, investigators seized approximately 350 total pills, 15.5 ounces of suspected heroin, one (1) ounce of suspected marijuana, two (2) firearms, two (2) mobile phones, and one (1) iPad.

17.     During the search, Trooper Hannon and Special Agent McClendon observed the Apple iPad laying on the bed of the left upstairs bedroom, suspected to be TOPEKA's bedroom because a wallet was observed on the bed containing TOPEKA's West Virginia driver's license.

18.     On August 16, 2021, Special Agent Anthony Brumfield reviewed jail calls made by TOPEKA.

19.     During those calls, TOPEKA questioned his wife Sandra Topeka, as to the whereabouts of his iPad.

20.     Sandra Topeka stated that "yes, they took your iPad, they took your phones". Investigators believe that evidence of further drug trafficking activities is contained on TOPEKA's electronic devices.

6

## TECHNICAL TERMS

21.    Based on my training and experience, I use the following technical terms to convey the following meanings:

    a.  Cellular telephone:   A cellular telephone (or mobile telephone, or wireless telephone) is a handheld wireless device used for voice and data communication through radio signals.   These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.   In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet.  Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

    b.  Tablets: A tablet can be used to send and receive messages, to access social media, and to send and receive email.  A tablet can also be used to FaceTime. Based on my training and experience, tablets can be used by drug dealers to

7

communicate with customers and communicate with their drug sources to
facilitate the illegal sales of controlled substances.

22.      The TARGET TELEPHONES are cellular telephones and the TARGET I-PAD is
a tablet. In my training and experience, examining data stored on devices of these types can
uncover, among other things, evidence that reveals or suggests who possessed or used the device.


## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

23.      Based on my knowledge, training, and experience, I know that electronic devices
can store information for long periods of time.  Similarly, things that have been viewed via the
Internet are typically stored for some period of time on the device.  This information can
sometimes be recovered with forensics tools.

24.      As further described in Attachment B, this application seeks permission to locate
not only electronically stored information that might serve as direct evidence of the crimes
described in the warrant, but also forensic evidence that establishes how the TARGET
TELEPHONES AND TARGET I-PAD were used, the purpose of their use, who used them, and
when.  There is probable cause to believe that this forensic electronic evidence might be on the
TARGET TELEPHONES AND TARGET I-PAD because:

   a.  Data on the storage medium can provide evidence of a file that was once on the
       storage medium but has since been deleted or edited, or of a deleted portion of a
       file (such as a paragraph that has been deleted from a word processing file).
       Forensic evidence on a device can also indicate who has used or controlled the

8

TARGET TELEPHONES AND TARGET I-PAD.   This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

b.  A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

c.  The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether electronically stored information is evidence may depend on other information stored on the device and the application of knowledge about how electronically stored data works.  Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

d.  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

25.   Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the two TARGET TELEPHONES AND TARGET I-PAD consistent with the warrant.   The examination may require authorities to employ

9

techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

26.     Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.


## CONCLUSION

27.     Based upon the above-listed facts, Affiant believes that Ted TOPEKA has committed violations of Federal and State drug laws and has knowingly and intentionally possessed with intent to distribute controlled substances.  Affiant knows that drug traffickers frequently use cell phones and tablets in order to facilitate their drug trafficking activities, often to call or message their customers and/or suppliers.  Such is the case in the above-referenced investigation, and therefore, Affiant believes the TARGET TELEPHONES AND TARGET I-PAD were used to facilitate the distribution of controlled substances, in violation of 21 U.S.C. Sections 846 and 841 (a) (1).  Affiant further believes that evidence of said violations is presently being concealed on the TARGET TELEPHONES AND TARGET I-PAD, including, but not limited to, the phone number of the particular device, incoming and outgoing call data, dates and times of phone calls, address book information (names associated with various phone numbers), missed, received, and dialed calls, text messages, web browsing history, instant

messages and social media messages and digital images and/or videos, all and any of which

relates to and constitutes evidence of the foregoing violations.


Ronald McClendon
Special Agent
Drug Enforcement Administration



Subscribed and sworn to before me by telephone or other reliable means
on August 20, 2021.:

DWANE L. TINSLEY
UNITED STATES MAGISTRATE JUDGE

11

## ATTACHMENT A

Authorization is requested to search the following items, which are in the possession of the WVSP Logan Detachment:

 a. One black, locked Apple cell phone, no available service, phone number unknown, (Recovered in right upstairs bedroom during service of the search warrant at Ted TOPEKA's residence).  Believed to belong to Ted TOPEKA'S  grandson, Jacob Topeka.
 b. One black, locked Apple cell phone, phone number (304)-206-0100 (Recovered in left upstairs bedroom during service of the search warrant at Ted TOPEKA's residence). Believed to belong to Ted TOPEKA.
 c. One silver, locked Apple iPad, Model A1709, Serial: DMPWV39SHPDV (Recovered in left upstairs bedroom during service of the search warrant at Ted TOPEKA's residence)

This warrant authorizes the forensic examination of the devices for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

ITEMS TO BE SEIZED

All records on the devices described in Attachment A that relate to violations of 21 U.S.C. §§ 841(a)(1) and 846, including:

a.   Phone number of the particular device;

b.   Incoming and outgoing call data;

c.   Dates and times of telephone calls;

d.   Address book information (contact names and associated telephone numbers, photographs, addresses, and e-mail addresses)

e.   Missed, received and dialed calls and voicemail messages,

f.   Text message log and text message content stored on the device;

g.   Social media messages;

h.   Stored images and/or videos, and e-mails;

i.   Lists of customers and related identifying information;

j.   Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

k.   Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

l.    Any information recording schedule or travel;

m.    All bank records, checks, credit card bills, account
      information, and other financial records.

n.    Records of user attribution showing who used or owned
      the device at the time the things in this warrant
      were created, edited, or deleted, such as logs,
      phonebooks, unsaved usernames and passwords,
      documents, and browsing history.

As used above, the terms "records" and "information" include
all of the foregoing items of evidence in whatever form and by
whatever means they may have been created or stored, including
any form of computer or electronic storage (such as flash memory
or other media that can store data) and any photographic form.


This warrant authorizes a review of electronic storage media
and electronically stored information seized or copied pursuant
to this warrant in order to locate evidence, fruits, and
instrumentalities described in this warrant. The review of this
electronic data may be conducted by any government personnel
assisting in the investigation, who may include, in addition to
law enforcement officers and agents, attorneys for the government,
attorney support staff, and technical experts. Pursuant to this
warrant, the DEA may deliver a complete copy of the seized or
copied electronic data to the custody and control of attorneys

for the government and their support staff for their independent
review.